UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDGARDO RIVERA, | ) | 3:21-cv-00973 (KAD) |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | OCTOBER 12, 2022 |
| *Respondent*. | ) | |
| | ) | |

**MEMORANDUM OF DECISION
RE: 28 U.S.C. § 2255 PETITION**

Kari A. Dooley, United States District Judge:

Following a plea of guilty, by judgment dated July 17, 2020, Petitioner Edgardo Rivera was convicted of (1) possession with intent to distribute, and distribution of forty (40) grams or more of fentanyl in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi); and (2) possession of a firearm in furtherance of a narcotics trafficking offense in violation of 18 U.S.C. § 924(c). Petitioner was sentenced to a period of incarceration of 78 months on Count One and 60 months on Count Two, to be served consecutively, for a total effective sentence of 138 months.[1] He filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 on July 15, 2021. Petitioner challenges his conviction asserting that (1) his plea of guilty was "unlawfully induced and not made voluntarily with the understanding of the nature and the consequences of the plea;" (2) his conviction was "obtained by use of evidence gained pursuant to an unconstitutional search and seizure" in violation of his Fourth Amendment; and (3) he was denied effective assistance of

---

[1] Following the period of incarceration, Petitioner was sentenced to 48 months of supervised release subject to mandatory, standard, and special conditions of release. Petitioner was ordered to pay a special assessment of $200. Petitioner was also ordered to forfeit (1) a Beretta Model BU9 Nano, 9mm pistol, bearing serial number NU005111; and (2) $14,874 in United States currency.

1

counsel at the plea and sentencing hearings. For the reasons set forth below, the petition is DENIED. (ECF No. 1)

**Background & Procedural History**

At sentencing, absent objection, the Court adopted the factual content of the Presentence Investigation Report as the Court's findings of fact. Those facts and those to which the Petitioner allocuted at his change of plea are set forth in the Government's opposition to the Petition as follows.

Between June of 2017 and October of 2018, Petitioner was engaged in narcotics trafficking in the Hartford, Connecticut area, typically distributing bundle quantities of heroin and fentanyl. During this time period, Petitioner possessed with intent to distribute and did distribute between 280 and 400 grams of fentanyl. On July 16, 2017 at approximately 6:30 p.m., Petitioner sold opiates containing fentanyl to two male customers, who both used the fentanyl. The following morning, emergency personnel responded to a report of an overdose victim at a Southington, Connecticut home. The victim was unresponsive and later pronounced dead. The state medical examiner concluded that the cause of death was acute fentanyl toxicity. At the scene, bags were found and subsequently determined to have contained fentanyl. In addition, law enforcement conducted controlled purchases from Petitioner on May 18, 2018, yielding four bundles that tested positive for fentanyl, heroin, and caffeine, and on June 25, 2018, yielding three bundles of heroin. On September 4, 2018, a sealed complaint was issued by Magistrate Judge Sarah A.L. Merriam. On October 5, 2018, members of the Drug Enforcement Agency and the United States Marshals Service arrested Petitioner at his home pursuant to a federal arrest warrant. Law enforcement seized approximately 200 grams of controlled substances containing a detectable amount of heroin and fentanyl, as well as a firearm that Petitioner possessed in furtherance of his narcotics dealing.

On four occasions after his arrest, Petitioner moved for and was granted a continuance of his probable cause hearing. On May 23, 2019, Petitioner waived indictment and pled guilty to Counts One and Two of an Information, charging him with (1) possession with intent to distribute, and distribution of forty (40) grams or more of fentanyl in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi); and (2) possession of a firearm in furtherance of a narcotics trafficking offense in violation of 18 U.S.C. § 924(c). As part of his guilty plea, Petitioner executed in open court a stipulation of offense conduct. Relevant here, the Stipulation included the following: "On October 5, 2018, . . . [l]aw enforcement seized approximately 200 grams of controlled substances containing a detectable amount of heroin and fentanyl, as well as a firearm, among other items. Edgardo Rivera had possessed the firearm in furtherance of his narcotics dealing that is alleged in Count One of the Information." Plea Agreement, *United States v. Rivera,* No. 3:19-cr-00139-KAD-1  (D. Conn. May 23, 2019), ECF No. 38 at 12.

At Petitioner's request, sentencing was continued three times. (*Id.* ECF Nos. 43, 47, 55) On August 27, 2019, Petitioner's appointed counsel, A.F.P.D. Charles Willson, moved to withdraw on the grounds that communication with his client had broken down. (*Id.* ECF No. 51) On October 4, 2019—more than four months after pleading guilty and nearly a year after his arrest—Petitioner, then represented by C.J.A. Attorney Trent LaLima, filed a motion to withdraw his guilty plea. (*Id.* ECF No. 60) The Court denied this motion on January 14, 2020. (*Id.* ECF No. 72) On July 16, 2020, the Court imposed a sentence of 78 months of imprisonment on Count One and 60 months of consecutive imprisonment on Count Two for a total of 138 months of imprisonment, four years of supervised release, and a special assessment of $200 and Judgment entered thereafter on July 17, 2020. (*Id.* ECF No. 103) Petitioner did not file a direct appeal of his conviction or sentence.

On July 15, 2021, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. (ECF No. 1) In response to an Order to Show Cause as to why the relief requested should not be granted, the Government filed its response to the Petition on August 16, 2021. (ECF No. 8) Petitioner filed a reply to the Government's response on October 6, 2021. (ECF No. 11)

**Applicable Legal Principles**

"Pursuant to § 2255, a federal prisoner may move to vacate, set aside, or correct his sentence [or conviction] on four grounds: (1) 'that the sentence was imposed in violation of the Constitution or laws of the United States, or (2) that the court was without jurisdiction to impose such sentence, or (3) that the sentence was in excess of the maximum authorized by law, or (4) is otherwise subject to collateral attack.'" *United States v. Hoskins*, 905 F.3d 97, 102 (2d Cir. 2018) (quoting 28 U.S.C. § 2255(a)) (brackets omitted). These are "jurisdictional [or] constitutional" issues that create "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." *See Hill v. United States*, 368 U.S. 424, 428 (1962). A federal prisoner may also use § 2255 to attack his conviction because "[f]or the purposes of § 2255, the term 'sentence' refers to *both* the prisoner's sentence and underlying conviction." *Fermin v. United States*, 859 F. Supp. 2d 590, 596 (S.D.N.Y. 2012) (citing *Johnson v. United States*, 623 F.3d 41, 45 (2d Cir. 2010)) (emphasis in *Fermin*).

Petitioner bears the burden of proving that a miscarriage of justice occurred. *United States v. Hoskin*, 905 F.3d 97, 103 (2d Cir. 2018); *see also Napoli v. United States*, 45 F.3d 680, 683 (2d Cir. 1995) ("The burden falls therefore falls upon petitioners to demonstrate their entitlement to relief under § 2255 . . . ."). In evaluating a petitioner's claim, "a district court need not assume the credibility of factual assertions . . . where the assertions are contradicted by the record in the

underlying proceeding." *Puglisi v. United States*, 586 F.3d 209, 214 (2d Cir. 2009). "Indeed . . . when the judge that tried the underlying proceedings also presides over the § 2255 motion, a less-than full-fledged evidentiary hearing may permissibly dispose of claims where the credibility assessment would inevitably be adverse to the petitioner." *Id.*

Second Circuit "precedent instructs that § 2255 review is 'narrowly limited in order to preserve the finality of criminal sentences and to effect the efficient allocation of judicial resources.'" *Hoskins*, 905 F.3d at 102 (quoting *Graziano v. United States*, 83 F.3d 587, 590 (2d Cir. 1996)). The Second Circuit has summarized the principles governing the resolution of § 2255 claims as follows:

> [N]ot every asserted error of law can be raised on a § 2255 motion. . . . The grounds provided in [§] 2255 for collateral attack on a final judgment in a federal criminal case are narrowly limited, and it has long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment. As a general rule, relief is available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law that constitutes a fundamental defect which inherently results in a complete miscarriage of justice.

*Napoli v. United States*, 32 F.3d 31, 35 (2d. Cir. 1994) (internal quotation marks and citations omitted), *amended on reh'g on other grounds*, 45 F.3d 680 (2d Cir. 1995). Constitutional errors will not be corrected through a writ of habeas corpus unless they had a "substantial and injurious effect," that is, unless they resulted in "actual prejudice." *Brecht v. Abrahamson*, 507 U.S. 619, 623, 637–38 (1993); *see also Underwood v. United States*, 166 F.3d 84, 87 (2d. Cir. 1999) (applying *Brecht* test to § 2255 petition).

**Discussion**

Petitioner advances three distinct claims in his § 2255 petition. First, Petitioner claims that his plea of guilty was "unlawfully induced and not made voluntarily with the understanding of the nature and the consequences of the plea." (ECF No. 1 at 6) Second, Petitioner claims that his

conviction was "obtained by use of evidence gained pursuant to an unconstitutional search and seizure" in violation of his Fourth Amendment. (*Id*.) Third, Petitioner claims that he was denied effective assistance of counsel at the plea and sentencing hearings. (*Id*. at 7, 10) Respondent, the United States of America, argues for various reasons that each claim must be dismissed.

### a. Whether the Guilty Plea was Knowing and Voluntary

Petitioner asserts that he "did not understand the nature of the [§ 924(c)] charge" and that he "plead guilty to a crime that [he] did not commit" insofar as "[t]he firearm was found under the mattress and never helped further, promote, or advance any drug crime" and that "[t]here was no evidence that the firearm ever played any role in the drug crime." (*Id*.) Respondent asserts that Petitioner "knowingly and voluntarily entered his guilty plea to both counts of the information" and further that the Court has already ruled on this claim in adjudicating Petitioner's motion to withdraw the guilty plea and at his sentencing hearing. (*Id*.) Respondent additionally argues that Petitioner's claim is procedurally defaulted because he did not take a direct appeal from his conviction or sentence. (*Id*.) The Court agrees with Respondent.

A plea of guilty "operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, with sufficient awareness of the relevant circumstances and likely consequences." *Hanson v. Phillips*, 442 F.3d 789, 798 (2d Cir. 2006) (quoting *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005)). When challenging the validity of a guilty plea, a petitioner must demonstrate that his plea was not "a voluntary and intelligent choice among the alternative courses of action open to [him]." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). Generally, "a plea is deemed 'intelligent' if the accused had the advice of counsel and understood the consequences of his plea, even if only in a fairly rudimentary way; it is deemed 'voluntary' if it is not the product of actual or threatened physical harm, mental coercion overbearing the defendant's

6

will, or the defendant's sheer inability to weigh his options rationally." *Miller v. Angliker*, 848 F.2d 1312, 1320 (2d Cir. 1988) (citations omitted); *see United States v. Doe*, 537 F.3d 204, 211 (2d Cir. 2008) ("[W]ith regard to voluntariness, a guilty plea 'must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (*e.g.* bribes).'") (quoting *Brady v. United States*, 397 U.S. 742, 755 (1970)); *Phillip v. United States*, 804 F. App'x 91, 92–93 (2d Cir. 2020) ("With regard to intelligence, a guilty plea must stand if the defendant 'was advised by competent counsel, [ ] was made aware of the nature of the charge against him, and there was nothing to indicate that he was incompetent or otherwise not in control of his mental faculties.'") (quoting *Brady*, 397 U.S. at 756).

When considering whether a defendant has entered into a plea intelligently and voluntarily, a court must consider "all of the relevant circumstances surrounding [the plea]." *United States v. Gonzalez*, 647 F.3d 41, 56 (2d Cir. 2011) (quoting *Brady v. United States*, 397 U.S. 742, 749 (1970)). While a court must consider whether there is a factual basis to support the guilty plea, this inquiry does not "require that the district court be satisfied that a jury would return a verdict of guilty" or that the court "weigh evidence to assess whether it is even more likely than not that the defendant is guilty." *United States v. Maher*, 108 F.3d 1513, 1524 (2d Cir. 1997). It requires only that the court "assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty." *Id*.

A defendant's sworn admissions at a plea allocution "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). For this reason, "[a] defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw

the guilty plea." *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997). A district court is "entitled to accept a defendant's statements under oath at a plea allocation as true," *Maher*, 108 F.3d at 1521, and self-inculpatory statements made under oath at a plea allocation "are generally treated as conclusive in the face of the defendant's later attempt to contradict them." *Adames v. United States*, 171 F.3d 728, 732 (2d Cir. 1999). Additionally, "the subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge*, 431 U.S. at 74. Courts within the Second Circuit have consistently credited defendants' plea allocations over subsequent statements made while attempting to withdraw a plea or vacate a conviction. *See, e.g., Hines v. Miller*, 318 F.3d 157, 159 (2d Cir. 2003) (affirming district court's denial of habeas motion; defendant's earlier motion to withdraw plea was rightly denied because his claims contradicted his statements during the plea colloquy).

Here, the Court has already considered and rejected Petitioner's assertion that his plea was not intelligently and voluntarily made when denying his motion to withdraw his guilty plea. Upon re-review of the change of plea proceeding transcript, the Court sees no basis to reach a different conclusion now. Prior to accepting Petitioner's waiver of indictment and plea of guilty, the Court canvassed Petitioner extensively under oath to ascertain whether his decision was a knowing, intelligent, and voluntary one. He answered all questions to the Court's satisfaction, and as particularly relevant to the claims advanced in his petition, he signed a stipulation of offense conduct during the canvas which flatly contradicts the arguments he now advances. In moving to withdraw his guilty plea, Petitioner argued that "he did not understand at the time that he pleaded guilty his right to indictment, his right to challenge the Government's evidence through a motion to suppress and subsequent appeals, or what the Government would have to prove to convict him

of using a firearm in furtherance of a drug trafficking crime." *United States v. Rivera*, No. 3:19-cr-00139-KAD-1 (D. Conn. Jan. 14, 2020), ECF No. 72 at 7. The Court specifically found that Petitioner's "sworn statements at the plea hearing establish that he understood his right to indictment, the nature of the charges in the Information including what the Government must prove to convict him, the trial rights he was waiving by pleading guilty, and the terms of the plea agreement, including the appeal waivers contained therein." (*Id*. at 7–8) The Court determined that "the evidence from the plea hearing [establishes] that [Petitioner] was able to understand and follow the proceeding" in light of his "demeanor and response to questioning" and ability to consult with counsel when questions arose. (*Id*. at 8) The Court further noted that Petitioner' counsel, Attorney Willson, "confirmed that he believed that [Petitioner] was competent to plead guilty." (*Id*.) Petitioner's habeas petition simply reasserts a claim that was previously rejected by the Court. *See Mendez v. United States*, No. 94-cr-466 (JFK), No. 99-cv-3496 (JFK), 2002 WL 1402321, at *3 (S.D.N.Y. June 28, 2002) (declining, while reviewing habeas petition, to revisit issues already decided in district court's denial of defendant's motion to withdraw guilty plea); *Cavienss v. United States*, No. 3:18-cv-1920 (VAB), 2020 WL 229317, at *4 (D. Conn. Jan. 15, 2020) (denying habeas petition challenging guilty plea because, *inter alia*, court had already addressed and rejected contention that plea was invalid in order denying motion to withdraw plea).

In sum, Petitioner represented at the plea hearing, "without equivocation, that he read the plea agreement, that his attorney read the plea agreement to him, that he discussed the terms of the plea agreement with his attorney, that he understood the terms of the plea agreement, that he had enough time and opportunity to discuss his decision to plead guilty with his attorney, and that he did not have any questions for [Attorney] Willson or the Court about the terms of the plea agreement or the consequences of entering into it." *United States v. Rivera*, No. 3:19-cr-00139-

KAD-1 (D. Conn. Jan. 14, 2020), ECF No. 72 at 9–10. The Court "is entitled to accept [Petitioner's] statements under oath at [his] plea allocution as true." *United States v. Maher*, 108 F.3d 1513, 1521 (2d Cir. 1997). As found by the Court during the plea hearing and in adjudicating the motion to withdraw the plea, Petitioner's "sworn statements during the plea hearing established that his decision to waive indictment, to enter into the plea agreement, and to plead guilty was a knowing, intelligent, and voluntary act. . . . [T]here is an inadequate basis for disregarding his sworn statements or otherwise finding them unreliable or untrue." *United States v. Rivera*, No. 3:19-cr-00139-KAD-1 (D. Conn. Jan. 14, 2020), ECF No. 72 at 10; *see Adames v. United States*, 171 F.3d 728, 732 (2d Cir. 1999) ("A criminal defendant's self-inculpatory statements made under oath at his plea allocution . . . are generally treated as conclusive in the face of the defendant's later attempt to contradict them." (citation omitted)); *United States v. Reyes*, 67 F. App'x 35, 38 (2d Cir. 2003) ("Absent credible reasons for rejecting appellant's sworn statements in a plea agreement or at a Rule 11 allocution, such statements establish that the plea was entered knowingly and voluntarily."); *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the

record are wholly incredible.").[2] The petition for writ of habeas corpus advanced on the basis that the plea was not knowing or voluntary is therefore denied.[3]

### b. Ineffective Assistance of Counsel

Petitioner claims that he was denied effective assistance of counsel by Attorney Willson at the change of plea and by Attorney LaLima at the sentencing hearing. (ECF No. 1 at 7, 10) Respondent argues that because Petitioner did not take a direct appeal from his conviction or sentence, his claims are procedurally defaulted. (ECF No. 8 at 1–2) Respondent alternatively argues that "even if [Petitioner's] claims are not procedurally defaulted, [Petitioner] has failed to make the requisite showing under *Strickland v. Washington*, 466 U.S. 668, 693–94 (1984), to support a claim of ineffective assistance of counsel." (*Id*. at 2) The Court agrees with this latter argument by Respondent.

---

[2] Further, "Rule 11 sets forth requirements for a plea allocution and is designed to ensure that a defendant's plea of guilty is a voluntary and intelligent choice among the alternative courses of action open to the defendant." *United States v. Andrades*, 169 F.3d 131, 133 (2d Cir. 1999) (internal quotation marks and citation omitted). To successfully challenge a guilty plea conviction based on a Rule 11 violation, a petitioner must establish that the violation constituted a "constitutional or jurisdictional" error or establish that the error resulted in a "complete miscarriage of justice," or in a proceeding "inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783 (1979) (internal quotation marks omitted). In addition, the petitioner must demonstrate that the violation was prejudicial—where the error was not preserved, this requires the petitioner to show that "the violation affected substantial rights and that there is a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Vaval*, 404 F.3d 144, 151 (2d Cir. 2005) (internal quotation marks and citation omitted). Petitioner has not met this burden even if the Court's Rule 11 canvas suffered from some inadequacy. In this vein, Petitioner appears to challenge the manner by which he was advised as to the elements of the § 924(c) charge, insofar as the Court did not personally go through each element of this offense. However, the elements were placed on the record by the Government and were spelled out in the written plea agreement, which Petitioner acknowledges he read and understood.

[3] Moreover, Petitioner did not appeal the denial of his motion to withdraw guilty plea. "[A] claim may not be presented in a habeas petition where the petitioner failed to properly raise the claim on direct review." *Zhang v. United States*, 506 F.3d 162, 166 (2d Cir. 2007) (citing *Reed v. Farley*, 512 U.S. 339, 354 (1994)). "If . . . a claim has not been presented on direct review, the procedural default bar may be overcome only where the petitioner establishes either (1) cause for the failure to bring a direct appeal and actual prejudice from the alleged violations; or (2) actual innocence." *Bousley v. United States*, 523 U.S. 614, 622 (1998). "To satisfy the 'cause' requirement, the petitioner must show circumstances 'external to the petitioner, something that cannot be fairly attributed to him.'" *Rosario–Dominguez v. United States*, 353 F.Supp.2d 500, 508 (S.D.N.Y. 2005) (quoting *Marone v. United States*, 10 F.3d 65, 67 (2d Cir. 1993); *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)). Petitioner has not made any effort to meet this burden or explain his failure to file an appeal. Accordingly, Petitioner's claim that his guilty plea was not knowing or voluntary is also procedurally defaulted.

11

Petitioner's § 2255 petition asserts a denial of rights guaranteed by the Sixth Amendment, which "provides certain procedural safeguards to individuals who have been charged with crimes, including the right to a speedy, impartial trial; the ability to call and confront witnesses;" and, relevant here, "the Assistance of Counsel." *United States v. Rosemond*, 958 F.3d 111, 119 (2d Cir. 2020) (quoting U.S. Const. amend. VI) (internal citation omitted). "Although the Sixth Amendment refers only to 'Assistance of Counsel,' it guarantees the right to effective assistance of counsel." *Id.* at 121 (internal citation omitted).

A petitioner making an ineffectiveness of counsel claim bears a heavy burden. "Ordinarily, to prevail on a claim for ineffective assistance of counsel a defendant must demonstrate that: (1) counsel's performance fell below an 'objective standard of reasonableness;' and (2) defendant was 'prejudiced,' meaning that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. Griffiths*, 750 F.3d 237, 242 (2d Cir. 2014) (quoting *Strickland v. Washington*, 466 U.S. 668, 693–94 (1984)).

Where the conviction at issue resulted from a guilty plea, the scope of habeas review of ineffective assistance claims is significantly narrowed. A petitioner "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [acceptable] standards." *United States v. Coffin,* 76 F.3d 494, 497 (2d Cir. 1996) (quoting *Tollett v. Henderson,* 411 U.S. 258, 267 (1973)) (alteration in *Coffin*). As to this first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004) (citations and quotations omitted). In addition, to establish the *Strickland* prejudice prong "[i]n the context of guilty pleas, . . . [the petitioner must] demonstrate 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"

12

*Ajemian v. United States*, 171 F. Supp. 3d 206, 213 (S.D.N.Y. 2016) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

"The *Strickland* standard is 'highly demanding,' and 'rigorous,' and "must be rejected if the defendant fails to meet either the performance prong or the prejudice prong." *Bennett v. United States*, 663 F.3d 71, 85 (2d Cir. 2011) (internal citations omitted). "Although a District Court must hold an evidentiary hearing when presented with any potentially meritorious claim under [§] 2255, a hearing is not required when, 'viewing the evidentiary proffers . . . and record in the light most favorable to the petitioner,' it is clear that the petitioner has failed to establish a 'plausible claim of ineffective assistance of counsel.'" *Lake v. United States*, 465 F. App'x 33, 34–35 (2d Cir. 2012) (summary order) (quoting Puglisi v. United States, 586 F.3d 209, 213 (2d Cir. 2009)).

### *Attorney Willson*

In support of this claim with respect to counsel's representation at the change of plea hearing, Petitioner argues that "Attorney Willson was not effective" because "[h]e did not advise [Petitioner] of [his] right to file a motion to suppress the firearm or raise an issue whether the area between the mattress and box spring was within [Petitioner's] immediate control." (ECF No. 1 at 7, 10) Petitioner also argues that Attorney Willson "failed to investigate how the firearm was retrieved and if at the time it was found, [whether] there [was] a valid search warrant." (*Id.*) Finally, Petitioner argues that Attorney Willson "failed to notice at the change of plea that the [C]ourt did not canvass me concerning the elements of the offenses in the information," "explain with detail the meaning of the [§] 924(c) [violation] . . . and what part of [§] 924(c) [Petitioner] was pleading guilty to," or "explain the importance and true meaning of [a] probable cause hearing." (*Id.*)

In denying Petitioner's motion to withdraw his guilty plea, the Court specifically found that Petitioner "stated under oath at the plea hearing that he had enough time and opportunity to

13

discuss his decision to plead guilty with Attorney Willson and that he was satisfied having Attorney Willson represent him." (*Id.*) As the Court concluded in adjudicating Petitioner's motion to withdraw his guilty plea, Petitioner's representations under oath, "which the Court accepts as true, defeat [Petitioner's] claim of ineffective assistance of counsel." (*Id.*); *see United States v. Harper*, 737 Fed. Appx. 17, 24 (2d Cir. 2018) (summary order) (concluding claim of ineffective assistance of counsel "lacks support in the record before us because [defendant] stated under oath at the time he pleaded guilty that he was satisfied with trial counsel's representation"), *cert. denied*, 139 S. Ct. 948 (2019); *Mendez v. United States*, No. 94-cr-466 (JFK), No. 99-cv-3496 (JFK), 2002 WL 1402321 at *3 (S.D.N.Y. June 28, 2002) (declining, while reviewing habeas petition, to revisit issues already decided in district court's denial of defendant's motion to withdraw guilty plea).

Moreover, although the Court did not personally canvass Petitioner during the change of plea hearing regarding the elements of the offenses in the Information, Petitioner "confirmed under oath that Attorney Willson discussed the elements of the charges with him" and "[t]he elements of these offenses were also contained in the plea agreement and were placed on the record by the Government during the plea hearing." *United States v. Rivera*, No. 3:19-cr-00139-KAD-1 (D. Conn. Jan. 14, 2020), ECF No. 72 at 3. Petitioner confirmed that he understood the nature and content of the plea proceedings. (*Id.* at 2) Petitioner stated that he understood that at a trial of his case he would have the right to challenge the Government's evidence, but that right would be waived by a plea of guilty. (*Id.* at 8–9) Petitioner nevertheless proceeded with his guilty plea and averred under oath that he was satisfied with Attorney Willson's representation. (*Id.* at 4, 12)

Petitioner's conclusory assertions that he did not understand the nature of the § 924(c) charge, which are contradicted by the record, are insufficient to meet his heavy burden of demonstrating that Attorney Willson's representation fell below the applicable *Strickland*

standard. *Phillip v. United States*, 804 F. App'x 91, 93–94 (2d Cir. 2020). The petition for writ of habeas corpus advanced on the ground that petitioner was denied effective assistance of counsel is therefore denied.

### *Attorney LaLima*

In support of this claim with respect to counsel's representation at the sentencing hearing, Petitioner argues that Attorney LaLima "was not effective" because he "did not provide the [C]ourt with my mental health and comprehension skills to show the [C]ourt that [Petitioner] did not understand the proceedings." (*Id*. at 7) Petitioner also argues that Attorney LaLima failed "to explain to [Petitioner] under what part of [§] 924(c) . . . [he] was getting sentenced," did not dispute the constitutionality of the search and seizure of the firearm, did not cite the case "*United States v. Thomas Julius*, No. 3:07-CR-248(RNC)," and "failed to notice that the [Court] did not canvass [Petitioner] on the elements of the offense and the information." (*Id*.)

The court first observes that most of these claims, as a factual matter, pre-date Attorney LaLima's appointment as counsel for Petitioner. Attorney LaLima was not present at the plea proceeding and was not counsel before the guilty plea was entered, when the constitutionality of the search and seizure could have been raised.

As to Attorney LaLima's conduct vis a vis the motion to withdraw Petitioner's guilty plea, on this record, the Court cannot conclude that Attorney LaLima's performance fell below an objective standard of reasonableness. *Griffiths*, 750 F.3d at 242; *see also United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004) ("[T]here is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." (internal quotations omitted)). The Court does not second guess strategic decisions that were objectively reasonable in pursuing the motion to withdraw guilty plea. *See Harris v. Artuz*, 288 F. Supp. 247, 256 (S.D.N.Y. 2003).

Petitioner belated determination that his psychiatric records should have been obtained and/or presented simply do not meet his heavy burden. *Phillip*, 804 F. App'x at 93–94. Accordingly, this claim is denied.

### c. Constitutionality of Search and Seizure of Firearm

Finally, Petitioner claims that his conviction was "obtained by use of evidence gained pursuant to an unconstitutional search and seizure" in violation of his Fourth Amendment. (ECF No. 1 at 6) This claim is waived.

It is well-settled that "[a] defendant who pleads guilty unconditionally while represented by counsel may not assert independent claims relating to events occurring prior to the entry of the guilty plea." *Parisi v. United States,* 529 F.3d 134, 138 (2d Cir. 2008) (quotations omitted); *Whitehead v. Senkowski*, 943 F.2d 230, 233 (2d Cir. 1991) ("Generally, a knowing and voluntary guilty plea precludes habeas corpus review of claims relating to constitutional rights at issue prior to entry of the plea."); *United States v. Branford*, 833 F. App'x 902, 904 (2d Cir. 2020) (summary order) ("If a defendant's guilty plea is knowing and voluntary, 'the cases are legion that a plea of guilty . . . is an admission of guilt and a waiver of all non-jurisdictional defects.'") (quoting *United States v. Doyle*, 348 F.2d 715, 718 (2d Cir. 1965)). In *Cavienss v. United States*, the court denied a habeas petition challenging a guilty plea because, *inter alia*, by pleading guilty the petitioner had already waived his arguments contesting the lawfulness of the traffic stop that led to his arrest. No. 3:18-cv-1920 (VAB), 2020 WL 229317 (D. Conn. Jan. 15, 2020) at *4. Similarly here, by pleading guilty, Petitioner has waived any constitutional challenge to the search and seizure of the firearm.

**Conclusion**

For the foregoing reasons, no evidentiary hearing is necessary, and the petition is DENIED. (ECF No. 1) The Court shall not issue a certificate of appealability because Petitioner has not made

a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). The Clerk of the Court is directed to close this file.

**SO ORDERED** at Bridgeport, Connecticut, this 12th day of October 2022.

                                             */s/ Kari A. Dooley*

                                             KARI A. DOOLEY

                                             UNITED STATES DISTRICT JUDGE